FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 15  AM 11: 20

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LÉON HARRIS                                         CIVIL ACTION

VERSUS                                              NO. 02-2876

JEFFERSON PARISH SHERIFF                            SECTION "N" (5)
HARRY LEE, ET AL

## REPORT AND RECOMMENDATION

Plaintiff, Leon Harris, currently incarcerated in Hunt Correctional Center ("Hunt"), has filed this *pro se* and *in forma pauperis* civil rights complaint with regard to the medical treatment, or lack thereof, he received during his earlier incarceration at the Jefferson Parish Correctional Center ("JPCC").[1] Named as a defendant in this action is Jefferson Parish Sheriff Harry Lee. Also named as defendants are the following JPCC personnel: Nurse Mimi Schultz, Sergeant Smith and Lieutenant Duplantis.

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against

---

[1] Officials from Hunt informed that plaintiff was transferred from JPCC on June 3, 2003.

DATE OF MAILING  DEC 1 5 2003

DATE OF ENTRY
DEC 1 5 2003

a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds by Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *see also Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); *Booker*, 2 F.3d at 116.

With regard to plaintiff's §1983 claim against Sheriff Harry Lee, the law is clear that a state actor, such as Sheriff Lee, generally may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F. 2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F. 2d 120 (5th Cir. 1980). Respondeat superior is not a legal theory under which

2

liability can be visited on Sheriff Lee. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).

Plaintiff does not contend and there is no evidence to suggest that Sheriff Lee was personally involved with the medical care that plaintiff did or did not receive during his incarceration at JPCC. Nor does plaintiff contend that any unconstitutional actions were in accordance with an unconstitutional policy promulgated by Sheriff Lee. Thus, based upon the above law, plaintiff's §1983 claim against Sheriff Lee is clearly frivolous. As shown below, plaintiff's §1983 claim against defendant Schultz is likewise frivolous.

A review of plaintiff's medical records, a copy of which has been filed in the record, reflects that from May 30, 2002, until October 9, 2002, plaintiff refused to provide a medical history and undergo a physical examination by the JPCC medical department. Accordingly, on May 30, 2002, plaintiff was advised, and signed a document acknowledging, that if he refused such an examination, his future medical care would be limited to "<u>only</u> emergency care [emphasis original]." Approximately three weeks later, plaintiff, as a result of chest pain, made a request for emergency medical care.[2] According to plaintiff, the requested care was never

---

[2]There is no documentation in plaintiff's medical records that such a request was made.

3

received.

Plaintiff admits that his request for emergency medical care was not directed to Nurse Schultz. Instead, he contacted an unnamed deputy who, according to plaintiff, was suppose to relay the information to medical personnel but failed to do so.

Based upon the above, it is clear that plaintiff's §1983 claim against Nurse Schultz is not based upon any refusal on her part to provide him with medical care. Instead, plaintiff informed this court that his claim stems from a later conversation with Schultz wherein she reminded him that as a result of his refusal to undergo a medical evaluation, he was restricted to receiving only emergency medical care and his chest pain did not constitute an emergency.

In order to recover under §1983 in connection with a claim of deficient medical care, a pre-trial detainee must show that prison personnel acted with "deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City, Texas*, 227 F.3d 316, 324 (5th Cir. 2000), citing *Hare v. City of Corinth*, 74 F.3d 633, 647-48 (5th Cir. 1996).[3] In the absence of evidence that Nurse Schultz ever denied plaintiff medical care, the

---

[3]As the incident at issue occurred shortly after plaintiff's May 23, 2002 arrest, presumably he was a pre-trial detainee, as opposed to a convicted felon, during the pertinent time period. However, whether he was a pretrial detainee or convicted prisoner makes no difference with regard to the medical care to which he was entitled. See *Hare*, 74 F.3d at 650 ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care....")

4

requisite deliberate indifference showing has clearly not been made. Further, as plaintiff cannot document that he suffered any harm as a result of his alleged chest pain, his condition in this regard cannot be categorized as serious.

With regard to the next defendant, Sergeant Smith, plaintiff complains that the sergeant made him walk to the JPCC medical clinic for treatment following surgery to remove a lipoma on one of his legs. Plaintiff contends that Sergeant Smith should have provided him with a wheelchair, rather than requiring him to walk.

A review of plaintiff's medical records from Charity Hospital reflects that on January 10, 2003, a "mass" or lipoma was excised from plaintiff's thigh. Following the surgery, plaintiff was prescribed Ibuprofen for pain and instructed to return to the hospital's surgery clinic in two weeks. On his return visit to the clinic, the following instructions were provided: 1) Continue local wound care; 2) return plaintiff to the clinic in two weeks; and 3) provide antibiotic Keflex 500 mg. one tablet four times a day for seven days. No instruction was provided to the effect that plaintiff be provided with a wheelchair and/or that his walking be restricted. The fact that plaintiff believed he needed a wheelchair is insufficient for the purpose of establishing liability under §1983. *See Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997), citing *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (A prisoner's disagreement with the course of medical

treatment he received does not state a claim for indifference to medical needs.) Thus, in the absence of a medical need for such, Sergeant Smith's action in not supplying plaintiff with a wheelchair is clearly insufficient to warrant liability under §1983.

With regard to the last named defendant, Lieutenant Duplantis, plaintiff complains that the lieutenant allowed him to wait in a detention cell for four hours before he was finally seen by medical personnel in the prison clinic. However, in order for an allegation of delayed medical treatment to state a viable claim under §1983, the delay must have been caused by deliberate indifference and resulted in substantial harm to the plaintiff. *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In this case, there is no documentation reflecting that plaintiff suffered any harm as a result of this four hour delay.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 12 day of December, 2003.

				      _____
				      ALMA L. CHASEZ
				      UNITED STATES MAGISTRATE JUDGE